PEOPLE, PLAINTIFF AND APPELLEE, v. VILLAVEITÍA, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution
for Violation of the Sanitary Regulations.

No. 939.—Decided May 22, 1916.

SANITARY REGULATIONS—COMPLAINT—REPAIRING BUILDING.—An information al-
leging only that a person repaired a building without having submitted
to the Sanitation Service triplicate plans of the said repairs does not
charge a violation of section 2 of Sanitary Regulations No. 28 of Septem-
ber 8, 1914; for according to section 20 of the said regulations it is nec-
essary to allege further that the building was not rat-proof or that the
repairs to be made were such as to include the renewal of floors, ceilings,
etc.

The facts are stated in the opinion.
Mr. Ramón P. Rodríguez Alberty for the appellant.
Mr. Salvador Mestre, fiscal, for the appellee.
MR. JUSTICE ALDREY delivered the opinion of the court.

Section 2 of Sanitary Rules and Regulations No. 28 for
the rat-proofing of buildings and outhouses provides that no
building of any kind shall be constructed or reconstructed
without first submitting to the Sanitation Service triplicate
copies of plans for the same, and that work shall not be
commenced thereon until such plans have been finally ap-
proved. And section 20 reads as follows:

"When buildings which are not rat-proof are reconstructed or
repaired to such an extent as to include the renewal of floors, ceilings,
etc., the structural conditions applicable to newly constructed build-
ings shall be required."

Juan J. Villaveitía was charged with the violation of the
above section and convicted, it being alleged that he "was
repairing a house without first submitting to the Sanitation
Service triplicate copies of plans of said repairs." In his
appeal from that judgment he prays for a reversal on the
ground that the complaint did not charge him with any of-
fense, inasmuch as it did not allege that the house in ques-

tion was not rat-proof or that the repairs included the renewal of floors, ceilings, etc., and this contention was not opposed by the *fiscal* of this court.

The mere fact charged in the information that the appellant repaired a house without having submitted to the Sanitation Service triplicate plans of said repairs does not constitute an infraction of said section 20, for he was not required to submit triplicate plans unless the house was not rat-proof or the repairs to be made were such as to include the renewal of floors, ceilings, etc., and therefore in order to charge him with the violation of said section for failure to submit the plans the complaint should have alleged that the repairs fell within one of the cases enumerated in the said section. This it did not do and hence charged him with no offense.

The judgment appealed from should be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.